IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CARLOS M. FARRIS, #391233,[1] | ) ) ) | |
| Plaintiff, | ) ) | NO. 1:23-CV-00024 |
| v. | ) ) ) | JUDGE CAMPBELL |
| MAURY COUNTY JAIL, Warden, *et al.*, | ) ) | MAGISTRATE JUDGE HOLMES |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

Carlos M. Farris, an inmate of the Maury County Jail in Columbia, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Maury County Jail; Trinity Food Services; Lieutenants f/n/u Maddox and f/n/u Harris; Sheriff Bucky Rowland; Sergeants f/n/u Bailey, f/n/u Campbell, and Donna Marrsitte; Corrections Officers Adam Boron and f/n/u Booker; and Kitchen Stewards f/n/u Scott and f/n/u Kacy. Plaintiff alleges violations of his civil and constitutional rights. (Doc. No. 1). Plaintiff also filed a supplement to his complaint (Doc. No. 5) and a Motion to Ascertain Status (Doc. No. 9).

### I. SCREENING OF THE COMPLAINT

**A. PLRA Screening Standard**

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or

---

[1] Plaintiff provides two inmate numbers: 391233 and 22171. (*See* Doc. No. 1 at 2).

1

seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

2

**C. Facts Alleged in the Complaint as Supplemented**

Plaintiff identifies as a "Gnostic Messanic Hebrew" (Doc. No. 5 at 1) and a "Hebrew vegetarian." (Doc. No. 1 at 5). Plaintiff provides certificates evidencing his religious affiliation. (*Id*. at 10-11). Jail Chaplain David Baker, Jr. approved a religious diet for Plaintiff which is, among other things, to consist of a "hot meal" for religious reasons. (*Id*. at 6).

Beginning on March 7, 2023, Plaintiff has been served "old turkey sandwiches and cheeseburgers to eat." (*Id*.) When Plaintiff told Miss Micmacmean (role unidentified) that he could not eat those items due to their meat content, Miss Micmacmean said, "It is always something with you about your religion" and "We are sick of hearing about you can't eat meat and not having a hot meal." (*Id*. at 6).

On March 18, 2023, Officer Bailey and Nurse Vanessa Osborn told Plaintiff the cheeseburgers being served to Plaintiff were soy. Plaintiff ate a cheeseburger and became "sick as a dog." (*Id*.) Plaintiff submitted a grievance about this incident but "it was hidden just like the 20 that [he] put to everybody else." (*Id*.) Later Nurse Osborn told Plaintiff that she had researched the burgers and discovered they were made of soy and turkey. She stated that she "thought they were [soy] because they tasted like soy burgers." (*Id*. at 7). Since eating the meat, Plaintiff has had a constant headache and upset stomach. He has put in for "sick call after sick call" and has received no response. (*Id*.) His related grievances have not been answered.

Additionally, for religious reasons, Plaintiff was required to eat "before sun up and after sun down" from March 22 to April 21, 2023. (*Id*. at 10). His breakfasts, however, were served after sunrise.

According to Plaintiff, Defendants favor Christian inmates' religious holidays, such as Christmas, over other religious holidays, such as Ramadan, and refuse to accommodate Plaintiff's

3

non-Christian practices such as needing a "proper prayer rug." (*Id*. at 21). Plaintiff lost his kitchen job because he needed to pray five times a day "but they wanted [him] to do them after [he] got off work at 7 pm at night but [inmate kitchen workers] went in at 3:45 am." (Doc. No. 5 at 1-2). There are no Hebrew or Gnostic services available at the jail, whereas Christian inmates have the option of in-person or Zoom religious services. The complaint alleges that "it's not the fact that they [Defendants] can't it's the fact they won't [allow Plaintiff to practice his religion]" because "if you can get on tv and go to a Zoom NA meeting and church service or a Christian church service, Maury County Jail can pull up all Hebrew services and Gnostic . . . ." (*Id*. at 5).

After Plaintiff began filing grievances, kitchen stewards Kacy and Scott l/n/u retaliated against Plaintiff by serving him a meat sandwich instead of a peanut butter sandwich and by putting fish in the food served to him. In addition, Plaintiff has been receiving one meal a day "on most days" whereas other inmates have received three hot meals a day. (Doc. No. 5 at 2).

**D. Analysis**

Plaintiff names as Defendants to this action the Maury County Jail, Trinity Food Services, Lieutenant f/n/u Maddox, Sheriff Bucky Rowland, Sergeant f/n/u Bailey, Sergeant Donna Marrsitte, Lieutenant f/n/u Harris, Corrections Officer Adam Boron, Kitchen Steward f/n/u Scott, Kitchen Steward f/n/u Kacy, Corrections Officer f/n/u Booker, and Sergeant f/n/u Campbell. Defendants are sued in their individual capacities only. (*See* Doc. No. 1 at 2-3). Plaintiff's claims all relate in some way to his desire to practice his religion while in the custody of the Maury County Jail and the obstacles he has faced while attempting to do so.

The complaint first alleges that the Maury County Jail favors Christian inmates and does not acknowledge or accommodate non-Christian inmates' right to practice their religion. Under the First Amendment to the United States Constitution, which is applicable to the States through

the Fourteenth Amendment, *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993), prisoners retain the right to freely exercise their religion, subject to limitations arising "both from the fact of incarceration and from valid penological objectives." *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that his right to freely exercise his religion has been violated, Plaintiff must allege that: "(1) the belief or practice he seeks to protect is religious within his own 'scheme of things,' (2) that his belief is sincerely held, and (3) the Defendant's behavior infringed upon this practice or belief." *Fields v. Trinity Food Serv.*, No. 17-1190-JDT-CGC, 2019 WL 5268565, at *6 (W.D. Tenn. Oct. 17, 2019) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987)).

While the allegations regarding Plaintiff's inability to freely practice his religion may be sufficient to state colorable claims under Section 1983, the complaint fails to identify a suable entity and/or the specific individuals responsible for the discriminatory policies or practices. The only Defendant identified by name in Plaintiff's allegations about the infringement of his right to freely practice his religion is the Maury County Jail. However, the jail is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the Maury County Jail must be dismissed as a Defendant to this action, and Plaintiff's free exercise claim is subject to dismissal under the PLRA.

However, taking into account the serious allegations raised by Plaintiff in the complaint and his pro se status, the Court will permit Plaintiff to amend his complaint to identify a suable entity and/or the specific individuals involved in the actions described in the complaint (*i.e.*,

recognizing only Christian holidays, refusing to accommodate Plaintiff's non-Christian religious practices such as needing a prayer rug, firing Plaintiff from his jail kitchen job because he sought to exercise his religion by praying five times a day, and failing to provide Hebrew or Gnostic religious services at the jail) and other actions of this nature that may have occurred during the time frame set forth in the complaint.

Second, the complaint alleges that Trinity Food Services, the entity responsible for providing meals to inmates at the Maury County Jail, refuses to accommodate Plaintiff's religious diets and/or provides Plaintiff with less food than other inmates due to his religious beliefs and practice. Consistent with the right to free exercise of religion, prisoners are entitled to "meals that meet their nutritional needs" and "do not violate their sincerely-held religious beliefs." *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (citing *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010)). "But there is no constitutional right for each prisoner to be served the specific foods he desires . . . in prison." *Id*. (citing *Spies v. Voiovich*, 173 F.3d 398, 406-07 (6th Cir. 1999) (holding that providing a Buddhist prisoner with a vegetarian diet but not a vegan diet was constitutionally permissible, and "the fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally deficient.")).

Trinity Food Services is a state actor under under Section 1983 because it provides food services inside the jail to inmates in state custody, traditionally a state function. *See Mustin v. Guiller*, 563 F. Supp.3d 715, 722 (N.D. Ohio 2021) (citing *Gilmore v. Trinity Servs. Grp., Inc.*, No. 4:20CV136, 2020 WL 2043454, at *2 (N.D. Ohio) (Pearson, J.); *Dotson v. Shelby Cty.*, No. 13-2766-JDT-TMP, 2014 WL 3530820, at *13 (W.D. Tenn.) (collecting cases) ("While the Sixth Circuit has not spoken directly on this issue in the context of food services, district courts in the Circuit have routinely assumed that food service entities and their employees are state actors.");

*see Bragg v. Staff*, No. 1:16-cv-1271, 2019 WL 5273761, at *4 (W.D. Mich. July 23, 2019) (citations omitted).

For Trinity Food Services to be liable under Section 1983, Plaintiff must allege that there is a direct causal link between a policy or custom of Trinity Food Services and an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). In other words, Trinity Food Services may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right"). Further, to hold Trinity Food Services liable, Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818. Liability attaches only if Trinity Food Services' policies are shown to be the "moving force" behind Plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 353-64 (6th Cir. 1993).

Here, construed liberally, the complaint alleges (1) Trinity Food Services has a policy or practice of refusing to accommodate the religious diets of certain inmates, including Plaintiff, who are not Christian; (2) Trinity Food Services has a policy or practice of providing those inmates with less food than other inmates; and (3) one or both policies and practices was the moving force behind Plaintiff's injuries (physical ailments, inadequate diet). For purposes of the required PLRA screening, the Court finds that the complaint states a colorable First Amendment claim against Trinity Food Services. This claim shall proceed for further development.

Next, the complaint alleges that Defendants Scott and Kacy, both jail kitchen stewards and employees of Trinity Food Services, retaliated against Plaintiff when he filed grievances about his meals. (Doc. No. 5 at 2-3). According to Plaintiff, the retaliation included serving Plaintiff a meat sandwich instead of a peanut butter sandwich and and putting fish in the food served to Plaintiff. As employees of Trinity Food Services, Scott and Key are state actors and can be sued under Section 1983. *See Mustin*, 563 F. Supp.3d 715, 722.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Id*. at 394-99. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X,* 175 F.3d at 396. Plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th. Cir. 2003).

Construing the pro se complaint liberally, the Court finds that the allegations of the complaint state colorable First Amendment retaliation claims against Defendants Scott and Kacy in their individual capacities. These claims will proceed.

The complaint alleges that Plaintiff's grievances about these matters were never acknowledged. But prisoners does not have a constitutionally protected liberty interest in an inmate grievance procedure. *See e.g., Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th

Cir. Mar. 31, 2017) (explaining that "a prisoner has no constitutional right to an effective prison grievance procedure"); *Crockett v. Davidson Cty. Sheriff's Dep't*, No. 3:19-cv-00545, 2019 WL 5592546, at *3 (M.D. Tenn. Oct. 30, 2019). An inmate who is dissatisfied with the responses to his grievances fails to state a claim upon which relief can be granted. *See Proctor v. Applegate,* 661 F. Supp.2d 743, 766 (E.D. Mich. 2009). Thus, Plaintiff's grievance-based claims fail to state Section 1983 claims upon which relief can be granted, and those claims against all named Defendants must be dismissed.

Finally, the complaint alleges that Plaintiff submitted a sick call after falling ill (due to consuming meat when jail employees told Plaintiff that the burger served to him was soy), and no one ever responded to his call. The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate medical care. *See Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

Here, there is insufficient information from which the Court can determine whether Plaintiff has stated a colorable deliberate indifference to serious medical needs claim. Because the Court already has determined that Plaintiff may amend his complaint to more fully articulate his free exercise claim, the Court will also permit Plaintiff to include a more fully-developed deliberate indifference claim in his amended complaint, if he files one. Otherwise, the claim will be dismissed.

Any remaining Defendants named in the complaint but not addressed in this section are subject to dismissal. That is because a plaintiff must identify the right or privilege that was violated

9

and the role of the defendant in the alleged violation, *see Miller v. Calhoun Cnty.*, 408 F.3d 803, 827 n.3 (6th Cir. 2005); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982), and Plaintiff has not done that with respects to those Defendants. *See Sango v. Ault*, No. 1:14-CV-345, 2014 WL 1744726, at *3 (W.D. Mich. Apr. 30, 2014) (citing *Twombly*, 550 U.S. at 544) ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.")).

## II. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's claims against the Maury County Jail must be dismissed. Plaintiff's grievance-based claims against all named Defendants also will be dismissed.

The complaint states colorable First Amendment free exercise claims against Trinity Food Services and colorable First Amendment retaliation claims against Defendants Scott and Kacy in their individual capacities. These claims will proceed.

Plaintiff's other allegations fail to state claims upon which relief can be granted under Section 1983. And, in any event, Plaintiff does not describe how the remaining Defendants were involved in those alleged allegations. However, with respect to Plaintiff's free exercise allegations, the Court will permit Plaintiff to amend his complaint to identify a suable entity and/or the specific individuals involved in the actions described in the complaint and any other actions of this nature that allegedly occurred during the time frame set forth in the complaint. Likewise, the Court will permit Plaintiff to amend his complaint to articulate a more fully-developed deliberate indifference claim, if he desires.

If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If Plaintiff fails to file an amended complaint after 30 days, the Court will complete the required PLRA screening of the original complaint.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

11