IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| **CARLOS M. FARRIS** | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00024 |
| | ) |
| **MAURY COUNTY JAIL** *et al.* | ) |

**TO:** Honorable William L. Campbell, Jr., United States Chief District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered October 27, 2023 (Docket Entry No. 13), this *pro se* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings.

Presently pending before the Court are the motion to dismiss of Defendant Trinity Services Group (Docket Entry No. 72)[1] and the motion for summary judgment of Defendants Roger Maddox, David Baker, and Brandon Harris (Docket Entry No. 73). Plaintiff has not responded to the motions. For the reasons set out below, the undersigned respectfully recommends that the motions be **GRANTED** and this action be **DISMISSED**.

## I.  BACKGROUND

Carlos Farris ("Plaintiff") filed this *pro se* and *in forma pauperis* lawsuit on April 14, 2023, seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. *See* Complaint (Docket Entry No. 1). Plaintiff's lawsuit is based upon events that occurred at the Maury County Jail ("Jail") in Columbia, Tennessee, where he was an inmate at the time the lawsuit was filed.[2]

---

[1] This Defendant was incorrectly identified in the Complaint as Trinity Food Services.

[2] Plaintiff is currently in the custody of the Tennessee Department of Correction ("TDOC"). *See* Notice of Change of Address (Docket Entry No. 30).

Plaintiff, who identifies as a "Gnostic Messanic Hebrew" and a "Hebrew vegetarian," alleges that Jail staff failed to properly accommodate his ability to practice his religious beliefs during March-April 2023. He alleges that Jail staff recognized only Christian holidays, refused to accommodate his non-Christian religious practices such as needing a prayer rug, fired him from his kitchen job because he sought to exercise his religion by praying five times a day, and failed to provide Hebrew or Gnostic religious services at the Jail. He further alleges that the food service staff refused to accommodate his religious dietary need to not eat meat and provided him with less food than other inmates due to his religious beliefs and practices. He also alleges that two food service staff members retaliated against him for filing grievances by putting food in his meals that conflicted with his religious dietary needs. *See* Complaint and Supplement (Docket Entry No. 5).

Upon initial review under 28 U.S.C. §§ 1915A and 1915(e)(2), the Court found that Plaintiff stated colorable First Amendment free exercise of religion claims against Trinity Services Group ("Trinity"), a private company that provides food service at the Jail, and a colorable First Amendment retaliation claim against kitchen stewards f/n/u Scott ("Scott") and f/n/u Kacy ("Kacy"). *See* Order entered August 23, 2023 (Docket Entry No. 11). All other claims and defendants were dismissed; however, Plaintiff was granted permission to amend his complaint to identify other defendants for his colorable claims and to more fully develop his dismissed deliberate indifference claim. *Id*. Plaintiff thereafter filed an amended complaint (Docket Entry No. 19). Upon review of the amended complaint, the Court found that three additional defendants should be added to Plaintiff's First Amendment claims – Roger Maddox ("Maddox"), Brandon Harris ("Harris"), and Chaplain David Baker ("Baker"). *See* Order entered December 20, 2023 (Docket Entry No. 18).

Upon the filing of a joint answer by Defendants Maddox, Harris, and Baker, (Docket Entry No. 32), a scheduling order was entered that provided for a period of discovery and pretrial activity

in the case. (Docket Entry No. 35.) In lieu of an answer, Defendant Trinity has filed the pending motion to dismiss. Plaintiff's request for entry of default against Defendants Scott and Kacy was denied by the Clerk on November 26, 2024, because there was no indication that they had been served with process in the case. (Docket Entry No. 71.) Plaintiff has taken no other action with respect to these two unserved Defendants. There are no motions pending in the case other than Defendants' dispositive motions. A trial has not yet been scheduled in the case pending resolution of the motions.

## II. DEFENDANTS' MOTIONS

In accordance with the scheduling order deadlines, Defendants timely filed the pending dispositive motions. Defendant Trinity seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's allegations are not sufficient to show that Trinity had an unconstitutional policy or procedure regarding food service at the Jail. Defendants Maddox, Baker, and Harris (hereinafter referred to collectively as "the Individual Defendants") seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure, arguing that (1) Plaintiff failed to comply with the pre-suit exhaustion requirement of the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e, and (2) they are entitled to qualified immunity from any damage liability. The Individual Defendants support their motion with a memorandum of law (Docket Entry No. 74), a statement of undisputed material facts (Docket Entry No. 75), the declaration and exhibits attached thereto of current Maury County Sheriff Bucky Rowland (Docket Entry No. 76-1), and their own declarations (Docket Entry Nos. 76-2, 76-3, and 76-4).

Plaintiff was notified of the motions, informed of the need to respond, and given an extended deadline of February 17, 2025, to file responses. *See* Order entered January 13, 2025 (Docket Entry No. 77). Plaintiff was specifically warned that his failure to file timely responses could result in the

dismissal of the action. Despite being given significantly more time to file responses than is provided for by the Local Rules, Plaintiff has not filed a response of any kind to either motion.

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A genuine issue of material fact is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury

4

Case 1:23-cv-00024    Document 78    Filed 04/04/25    Page 4 of 9 PageID #: 433

could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

## IV. ANALYSIS

Although the allegations in Plaintiff's pleadings were sufficient to permit the case to survive initial frivolity review, Plaintiff has not responded to the arguments for dismissal and for summary judgment made by Defendants in their motions. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a response indicates that there is no opposition to the motions. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir. 1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). Likewise, Plaintiff's failure to take action to defend against Defendants' requests for the dismissal of his claims can be viewed as an indication that he does not oppose the dismissal of his lawsuit and/or that he has abandoned his claims. *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss). Finally, after review of the motions and the record, the Court

finds that Defendants' unrebutted arguments are legally sound and require that their motions be granted.

**A. Motion to Dismiss of Defendant Trinity**

Defendant Trinity accurately sets out the relevant legal standard for a claim of constitutional liability and points to the deficiencies of Plaintiff's factual allegations. Given the lack of a response from Plaintiff that rebuts Defendant Trinity's argument that the allegations of his pleadings are not sufficient to support a claim for relief, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See also Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). Accordingly, the motion to dismiss is appropriately granted.

**B. Motion for Summary Judgment of the Individual Defendants**

When a motion for summary judgment is filed and properly supported under Rule 56, such as the Individual Defendants' motion here, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of genuine issues of material fact that requires that the action proceed to trial. *Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving

parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino*, *supra*. Additionally, Plaintiff has not responded to the Individual Defendants' statement of undisputed material facts as required by Local Rule 56.01(f), which permits to the Court to rely upon the facts set forth in the statement as the undisputed facts.

The Individual Defendants present a valid failure to exhaust defense. The PLRA requires that a prisoner must first exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requirement is mandatory and requires the prisoner plaintiff to present his grievance through "one complete round" or through all the steps of the administrative grievance procedure. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). Once the PLRA defense is raised and supported by the moving party, the prisoner plaintiff must present affirmative evidence showing that he has complied with the PLRA's requirement of exhaustion. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

The Individual Defendants set forth evidence that the Jail has a process permitting inmates to file grievances and grievance appeals, but that the Jail records show that Plaintiff either failed to file a grievance about some of the alleged events at issue or failed to pursue a grievance appeal subsequent to an initial grievance. *See* Declaration of Bucky Rowland (Docket Entry No. 76-1); Statement of Undisputed Material Facts (Docket Entry No. 75) at ¶¶ 1-6 and 14, 23, 26-37. In the face of this evidence, Plaintiff must rebut the exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *Napier*, *supra*. Plaintiff has not set forth any

7

evidence meeting this burden. Accordingly, Plaintiff's lawsuit is properly dismissed because of his failure to comply with the mandatory exhaustion requirement of the PLRA.

The Individual Defendants' assertion of qualified immunity also provides a basis for granting summary judgment. Qualified immunity protects government officials from civil damages "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Reich v. City of Elizabethtown, Ky.*, 945 F.3d 968, 977 (6th Cir. 2019) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). When the defense of qualified immunity is asserted by a defendant, the plaintiff bears the burden of overcoming the defense and affirmatively showing that the defendant is not entitled to qualified immunity. *Mosier v. Evans*, 90 F.4th 541, 546 (6th Cir. 2024); *McDonald*, 814 F.3d at 812; *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013). Plaintiff's failure to respond to the Individual Defendants' assertion of qualified immunity is a sufficient basis upon which to grant the motion for summary judgment based on qualified immunity. *Mosier v. Evans*, 90 F.4th 541, 548 (6th Cir. 2024) (the defendant is entitled to qualified immunity because the plaintiff's cursory briefing makes no attempt to meet his burden of showing that the defendant violated his clearly established rights); *Winter v. City of Westlake, Ohio*, 2018 WL 838283, at *9 (N.D. Ohio Feb. 13, 2018) ("Having moved for qualified immunity, Defendants have raised the defense and Plaintiffs' failure to respond militates in favor of judgment for Defendants since Plaintiffs have not met their burden.").

## C.  Defendants Scott and Kacy

Rule 4(m) of the Federal Rules of Civil procedure requires that defendants be served with process within 90 days of the date the action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Defendants Scott and Kacy have not been served with process within

the mandatory 90-day period, and Plaintiff has not taken any steps to have process re-issued to them. Because these two Defendants have not been served with process and because good cause does not appear to exist for their failure to be timely served, this action must be dismissed as to them in accordance with Rule 4(m).

## RECOMMENDATION

For the reasons set out above, it is respectfully **RECOMMENDED** that:

1) The motion to dismiss of Defendant Trinity Services Group (Docket Entry No. 72) and the motion for summary judgment of Defendants Roger Maddox, David Baker, and Brandon Harris (Docket Entry No. 73) be **GRANTED**.

2) Defendants f/n/u Scott and f/n/u Kacy be **DISMISSED** from this action under Rule 4(m) of the Federal Rules of Civil Procedure for lack of timely service of process.

3) This case be **DISMISSED** in its entirety.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                        Respectfully submitted,

                        BARBARA D. HOLMES
                        United States Magistrate Judge